ALBERT LAGMAN, PETITIONER-RESPONDENT, v. THE WM.
SPENCER & SON CORPORATION, RESPONDENT-PROSE-
CUTOR.

Submitted January 22, 1947—Decided April 3, 1947.

Before Justices BODINE and WACHENFELD.

For the respondent-prosecutor, *Hymen Siegendorf*.

For the petitioner-respondent, *Nathan Pearlman* (*Aaron Gordon,* of counsel).

The opinion of the court was delivered by

WACHENFELD, J.  Respondent's petition was dismissed by
the Bureau in this compensation case but on appeal the Court
of Common Pleas reversed that judgment.

The employee on February 18th, 1945, was working on
Pier D in Jersey City, New Jersey.  A hand truck which he
was pulling struck him in the chest, causing him to fall down
upon a platform on his back against two small boxes, and
the truck hit both his legs.  He immediately went to Pier C,
where iodine was applied to his legs and right hand.  Two
days after the accident he visited a private physician and
shortly thereafter, two others.  Ten days after the accident
he went under the care of a company physician, who treated
him over a period of a week for contusions of the back and

legs and applied short-wave static electric treatment to the back. The contusions were healed and he was advised to return to work but he did not do so and since the accident has only done occasional light housework.

At the time of the accident respondent was sixty-five years of age and had a generalized arthritic condition all over his body resulting in a degree of rigidity. He presently complains of sore back, sore chest, sore shin bones, swollen knees, swollen thumb and inability to bend or to lift objects.

None of the private physicians testified. Respondent's sole medical witness had made an examination eight and a half months after the accident and testified he found a mouth infection, crepitus due to arthritis (grating sensation caused by rubbing together of joint surfaces) in both knee joints, and varicosities of both legs. These disabilities, it was admitted, were not causally related to the accident but he testified the following were so related: myositis of the anterior chest region (inflammation of the muscles), scarring of the thumb with restriction in use, synovitis (inflammation of the lining membrane of the joints) of both knees, residual effects of a sprain and contusions of the lower back, and a residual inflammation of the fibral muscular tissue. He estimated a disability of approximately twelve and a half per cent. of total, allowing "about five per cent. or ten per cent." for the thumb and "slight" or "none" for the chest. He anticipated improvement in the back condition.

The company produced the physician who had examined the respondent ten days after the accident and treated him for about a week thereafter for contusions of the back and knees and laceration of the thumb. He also administered short-wave static treatment to the back. About five months after the accident he made a second examination, at which time the respondent said his back was stiff immediately following the accident but was "all right at this time," the only complaint being that "when he lifts anything heavy it is painful." The doctor found a scar on the right thumb, no marks of injury to the back or shoulders, moderate round shoulders due to old age, and a slight rigidity due to arthritis.

There was no evidence of any difficulty in the chest and respondent did not complain of any. The knees were functioning normally and in his opinion there was no permanent functional disability as a result of the accident.

Payment of temporary compensation was conceded and the only claim made is for permanent disability to the back and knees. The Bureau dismissed the petition but on appeal the Court of Common Pleas reversed, allowing both permanent and temporary disability.

This court must make an independent determination of the law and fact. *R. S.* 2:81–8; *R. S.* 34:15–66. The rule is well established that the burden devolves upon the employee to establish by a preponderance of the evidence the requisites of a case under *R. S.* 34:15–7, *et seq.* If the evidence is in equipoise an award cannot be allowed. *Jones* v. *Newark Terminal and Transportation Co.,* 128 *N. J. L.* 190; *affirmed,* 129 *Id.* 58.

The respondent does not claim aggravation of pre-existing arthritis but separate permanent injury. The award of compensation by the court below for temporary disability was therefore clearly erroneous.

The physical complaints to which the respondent testified at the hearing spring from the debilitating effects of his age and arthritic condition rather than an accident. The only medical expert who confirmed the permanent injuries was not a treating physician. Of the four general disabilities which he found causally related to the accident, two, the thumb and chest, are not included in the claim. Regarding the patient's back he specifically stated improvement was anticipated. The remaining injury to both knees must be considered together with the witness' admission of a pre-existing disability due to arthritis. His estimate of the degree of disability was twelve and a half per cent; however, when asked to revise his estimate to exclude injuries for which no claim was made, his testimony became very indefinite.

On the other hand, the company's medical expert was an attending physician and made it quite clear there were no permanent functional disabilities as a result of the accident

and the knees were functioning normally and any disability of which the respondent complained was the result of old age and the pre-existing arthritis. Greater weight will be given to an attending physician's testimony since he is in a better position to express an opinion as to cause and effect than a mere medical expert. *Fusco* v. *Cambridge Piece Dyeing Corp.,* 135 *N. J. L.* 160.

Our determination after an independent appraisal of the evidence is the respondent did not suffer any permanent disability as a result of the alleged accident. Claim for compensation is therefore denied.

Judgment reversed.